# In the United States Court of Appeals for the Fifth Circuit

| | | |
|---|---|---|
| Susquehanna Nuclear, LLC, | ) | |
| *Petitioner*, | ) ) ) ) | |
| v. | ) ) | No. 25-60019 |
| Federal Energy Regulatory Commission, | ) ) ) ) | |
| *Respondent*. | ) ) ) | |

## Motion of Respondent Federal Energy Regulatory Commission to Hold Appeal in Abeyance

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Respondent Federal Energy Regulatory Commission ("Commission" or "FERC") respectfully moves this Court to hold the above-captioned appeal in abeyance until the earlier of April 30, 2025, or FERC's issuance of an order on rehearing in the agency proceeding here on judicial review. The parties would file motions to govern further proceedings within 21 days thereafter.

The Court set a date of February 25, 2025 for filing the agency record. The Commission's requested relief would defer all filing deadlines—including filing of the agency record—until after the abeyance period expires. *See* Fed. R. App.

P. 17(a)–(b). The relief requested is without prejudice to any party filing procedural or substantive motions, as appropriate, at any time.

The Commission anticipates that abeyance will allow for completion of the statutorily mandated Commission rehearing process. *See* 16 U.S.C. § 825*l*. In particular, it will afford FERC an opportunity to respond to Petitioner Susquehanna Nuclear, LLC's ("Susquehanna") request for rehearing of the Commission's initial order in this proceeding: *PJM Interconnection, L.L.C.*, 189 FERC ¶ 61,078 (Nov. 1, 2024) ("Initial Order"). The Commission has indicated its intent to respond to Susquehanna's request in a reasoned rehearing order. *See PJM Interconnection, L.L.C.*, "Notice of Denial of Rehearing By Operation of Law and Providing for Further Consideration," 189 FERC ¶ 62,132 (Dec. 23, 2024) ("FERC 2024 Notice").

Counsel for the Commission has contacted counsel for Susquehanna and Intervenors Vistra Corporation, American Electric Power Service Corporation, Exelon Corporation, and PPL Electric Utilities Corporation. Exelon and American Electric Power do not oppose the relief requested in this motion, while PPL Electric Utilities takes no position and Susquehanna and Vistra oppose the requested relief.

## BACKGROUND

Across much of the United States, wholesale electricity is transacted and transmitted according to rules set by regional market operators. *Pub. Citizen, Inc. v. FERC*, 7 F.4th 1177, 1186 (D.C. Cir. 2021). These market operators—called regional transmission organizations or independent system operators—are regulated by FERC. *See NextEra Energy Capital Holdings, Inc. v. Lake*, 48 F.4th 306, 311–12 (5th Cir. 2022). The market operator implicated in the present dispute is PJM Interconnection, L.L.C. ("PJM"), whose service territory covers the District of Columbia and 13 States in the upper Midwest and Eastern United States. *See* PJM, TERRITORY SERVED, *available at* https://perma.cc/U766-PMEF.

This appeal involves a challenge to the Initial Order, which rejected a proposed amended interconnection agreement between PJM, Susquehanna, and other entities. Initial Order P 1. The agreement would increase the amount of co-located load behind Susquehanna's two nuclear generating units—i.e., the amount of power that Susquehanna would commit to nearby data centers. *Id.* PP 6–7, 10. "'Load' refers to end-use customers of the transmission system, the primary source of 'demand' for electric energy." *Sacramento Mun. Util. Dist. v. FERC*, 616 F.3d 520, 524 n.4 (D.C. Cir. 2010).

The Commission rejected the amended interconnection agreement because it "f[ound] [that] PJM has failed to meet the high burden to demonstrate" that the agreement's provisions—which depart from PJM's *pro forma* interconnection agreement—"are necessary." Initial Order PP 86–87. Susquehanna timely filed an application for rehearing of the Commission's decision, which raised objections to the Initial Order. The Commission thereafter issued a notice stating that, pursuant to its statutory authority, *see* 16 U.S.C. § 825*l*, it intends to address Susquehanna's objections in a substantive order on rehearing, *see* FERC 2024 Notice; 16 U.S.C. § 825*l*(a)–(b) (affording FERC the opportunity to respond to a rehearing application before a court of appeals assumes jurisdiction to review a FERC order).

## Argument

The Federal Power Act permits judicial review of a FERC order only after "compl[iance] with th[e] [Act's] unusually strict exhaustion requirement." *Ameren Servs. Co. v. FERC*, 893 F.3d 786, 793 (D.C. Cir. 2018) (cleaned up). A party must state with "specificity" all objections "before the Commission in [an] application for rehearing" of an initial FERC order as a prerequisite to seeking judicial review of "such order." *Id.* (quoting 16 U.S.C. § 825*l*(b)) (cleaned up); *accord Ecee, Inc. v.*

*FERC*, 611 F.2d 554, 560 (5th Cir. 1980)[1] ("[R]ehearing [i]s a jurisdictional prerequisite to judicial review.").

The rehearing process serves several functions: It (1) recognizes FERC's primary jurisdiction to "correct its own errors" in an initial order, *Save Our Sebasticook v. FERC*, 431 F.3d 379, 381 (D.C. Cir. 2005); *Granholm ex rel. Mich. Dep't of Nat. Res. v. FERC*, 180 F.3d 278, 281 (D.C. Cir. 1999); (2) "afford[s] the Commission an opportunity to bring its knowledge and expertise to bear on an issue before it is presented to a generalist court," *Nw. Pipeline Corp. v. FERC*, 863 F.2d 73, 77–78 (D.C. Cir. 1988); and (3) promotes judicial efficiency by potentially narrowing the issues a court must decide or "obviat[ing] the need for [judicial] review" altogether, *Clifton Power Corp. v. FERC*, 294 F.3d 108, 111–12 (D.C. Cir. 2002).

The Commission retains jurisdiction to modify its initial order through an order on rehearing until it files the agency record with the court of appeals. 16 U.S.C. § 825*l*(a)–(b). Only upon record filing does the court obtain "exclusive" jurisdiction "to affirm, modify, or set aside such [Commission] order in whole or in

---

[1] *Ecee* referenced the Natural Gas Act, not the Federal Power Act. But it is well-established that "the relevant provisions of the [Federal Power Act and Natural Gas Act] are analogous," meaning "[t]h[e] [Supreme] Court has routinely relied on [Natural Gas Act] cases in determining the scope of the [Federal Power Act], and vice versa." *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150, 164 n.10 (2016).

part." 16 U.S.C. § 825*l*(b); *see Berkley v. FERC and Mountain Valley Pipeline, LLC*, 896 F.3d 624, 630 (4th Cir. 2018) (Natural Gas Act) ("Congress gave 'exclusive' jurisdiction to the appropriate court of appeals—but only after going through the review process with FERC.").

Federal Rule of Appellate Procedure 17(a) sets a generic date for record filing of 40 days from the date a petition for review is filed. However, "[t]he court may shorten or extend the time to file the record" to allow FERC an opportunity to complete the rehearing process. *See* Fed. R. App. P. 17(a); *Allegheny Defense Project v. FERC*, 964 F.3d 1, 17 (D.C. Cir. 2020) (en banc) (contemplating motions to extend the record filing date beyond 40 days from the date a petition for review is filed, and noting that the court of appeals had allowed the Commission nine months to file the agency record in that case). And until FERC files the agency record with the court, "[it] may at any time, … in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter." 16 U.S.C. § 825*l*(a). As this Court has recognized, a "petition for rehearing"—e.g., Susquehanna's rehearing application in this matter—"prevent[s] [an initial order] from becoming final." *Valero Interstate Transmission Co. v. FERC*, 903 F.2d 364, 368 (5th Cir. 1990). Consequently, courts routinely hold petitions challenging FERC orders in abeyance and set a record filing

date that affords the Commission time—often several months—to issue a substantive rehearing order.[2]

The Commission seeks comparable latitude in the matter here on review. The Commission respectfully requests that the Court hold the above-captioned appeal, and any subsequently filed appeals concerning the Initial Order, in abeyance until the earlier of April 30, 2025, or FERC's issuance of an order on rehearing in the agency proceeding here on judicial review. Abeyance would suspend all filing deadlines, including the deadline for filing the Commission's certified record index with the Court. *See* Fed. R. App. P. 17(a)–(b). Abeyance would be without prejudice to the parties filing procedural or substantive motions, as appropriate, at any time. The parties would file motions to govern this appeal within 21 days thereafter.

---

[2] *See, e.g.*, *ANR Pipeline Co. v. FERC*, Nos. 24-60222, *et al.* (5th Cir.), Docs. 1, 33 (record filing approximately two months after court originally ordered record filing); *West Texas Gulf Pipe Line v. FERC and United States*, Nos. 23-60601, *et al.* (5th Cir.), Docs. 1, 57 (approximately seven-month period); *System Energy Res. v. FERC*, Nos. 23-60110, *et al.* (5th Cir.), Docs. 1, 80 (approximately nine-month period); *PJM Power Providers Grp. v. FERC*, Nos. 21-3068, *et al.* (3d Cir.), Docs. 2, 121 (approximately two-month period); *City of Salisbury v. FERC*, Nos. 20-1238, *et al.* (D.C. Cir.), Docs. 1850863, 1878361 (approximately four-month period); *Allegheny Defense Project v. FERC*, Nos. 17-1098, *et al.*, Docs. 1668150, 1708899 (approximately seven-month period).

## Conclusion

The Commission respectfully requests that the Court hold the above-captioned appeal in abeyance, as set forth above.

Respectfully submitted,

Robert H. Solomon
Solicitor

*/s/ Jared B. Fish*
Jared B. Fish
Attorney

Federal Energy Regulatory
  Commission
Washington, DC 20426
Tel.: (202) 502-8101
Email: jared.fish@ferc.gov

February 21, 2025

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 1,464 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Equity A 14-point font using Microsoft Word 365.

                                                                 /s/ Jared B. Fish
                                                                 Jared B. Fish
                                                                 Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.:  (202) 502-8101
Email: jared.fish@ferc.gov

February 21, 2025

## Certificate of Service

      I hereby certify that on February 21, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                        */s/ Jared B. Fish*
                                        Jared B. Fish
                                        Attorney

Federal Energy Regulatory
   Commission
888 First Street, NE
Washington, D.C. 20426
Tel.: (202) 502-8101
Email: jared.fish@ferc.gov