IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| **SUSQUEHANNA NUCLEAR, LLC**, <br><br> *Petitioner*, <br><br> v. <br><br> **FEDERAL ENERGY REGULATORY COMMISSION**, <br><br> *Respondent.* | Nos. 25-60019 & 25-60264 |

**UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES
AND ESTABLISH BRIEFING FORMAT AND SCHEDULE**

Pursuant to Federal Rule of Appellate Procedure 27(b), Circuit Rule 27.1.9, and this Court's Order of May 5, 2025 (Dkt. 42-2), Petitioner Susquehanna Nuclear, LLC moves (a) to consolidate cases 25-60019 and 25-60264, which seek review of the same series of orders of the Federal Energy Regulatory Commission; and (b) to establish a schedule and format for the merits briefing in the consolidated cases. The other parties—including Respondent the Federal Energy Regulatory Commission ("Commission" or "FERC"), Petitioner-Intervenors Vistra Corporation and PPL Electric Utilities Corporation, and Respondent-Intervenors Exelon Corporation and American Electric Power Service Corporation—consent to consolidation and the

1

briefing proposal presented in this motion. In support of this motion, Susquehanna states as follows:

I. **Procedural Background**

1. This proceeding involves two petitions for review challenging a series of orders in which the Commission rejected certain amendments to an interconnection service agreement for a nuclear generating facility in Pennsylvania that is owned by Susquehanna. In particular, case 25-60019, which Susquehanna filed in this Court on January 15, 2025, challenges the following two orders of the Commission:

- Order Rejecting Amendments to Interconnection Service Agreement, *PJM Interconnection, L.L.C.*, FERC Docket Nos. ER24-2172-000 & ER24-2172-001, 189 FERC ¶ 61,078 (Nov. 1, 2024) ("Rejection Order"); and

- Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, *PJM Interconnection, L.L.C.*, Docket No. ER24-2172-002, 189 FERC ¶ 62,132 (Dec. 23, 2024).

2. To date, four parties have noticed interventions in case 26-60019. On February 21, 2025, the Commission filed an opposed motion asking the Court to hold case 25-60019 in abeyance pending conclusion of the Commission's administrative rehearing process. The Court granted the Commission's motion.

3. On April 10, 2025, the Commission issued the following order:

2

- Order Addressing Arguments on Rehearing and Granting Clarification, In Part, *PJM Interconnection, L.L.C.*, Docket No. ER24-2172-002, 191 FERC 61,025 (Apr. 10, 2025) ("April 10 Order").

**4.** On May 1, 2025, the Commission filed a motion notifying the Court regarding its issuance of the April 10 Order, and requesting that the Court set a deadline of May 16, 2025 for filing the administrative record, and a "deadline for the parties to file a briefing proposal of May 19, 2025." Dkt. 35 at 2. On May 5, 2025, this Court entered an order granting that motion. Dkt. 42-2.

**5.** On May 12, 2025, Petitioner filed a second petition for review, which this Court docketed as case 25-60264. That petition challenges the two orders challenged in case 25-60019, as well as the Commission's April 10 Order.

**6.** The Commission filed the certified index to the record on May 14, 2025 in case 25-60019. Dkt. 44.

**II.   Argument**

A.   The Two Petitions Should Be Consolidated

**7.** Consolidation is warranted because this Court's cases 25-60019 and 25-60264 seek review of an overlapping series of FERC orders in which the Commission took action on a single application regarding proposed amendments to an interconnection service agreement. This Court's Rule 15.3.2 provides that "[a]ll petitions for review and other documents concerning commission orders in the same

number series . . . are assigned to the same docket." Fifth Cir. R. 15.3.2. Similarly, here the two petitions seek review of a series of orders that the Commission issued in a single administrative docket, ER24-2172. The orders are closely related. In the April 10 Order, the Commission addressed arguments raised by Susquehanna in a request for administrative rehearing, "modif[ied] the discussion in the [November 1, 2024] Rejection Order," while "continu[ing] to reach the same result in this proceeding." April 10 Order P 2.

8. Consolidation of cases 25-60019 and 25-60264 will conserve resources of the parties and the Court and allow for efficient briefing of challenges to a single set of Commission orders.

9. The parties agree that the Certified Index to the Record that the Commission filed in case 25-60019 also constitutes the index to the record for case 25-60264.

10. As noted above, all parties consent to the consolidation of these two cases.

B. The Court Should Enter the Following Format and Schedule for Briefing of the Consolidated Cases

11. Pursuant to this Court's May 5 Order, the parties have consulted and now jointly propose the following format and schedule to govern merits briefing in the two consolidated cases:

|   | **Brief** | **Briefing Interval** | **Length (words)** |
|---|---|---|---|
| 1 | Petitioner Opening Brief | 60 days from date of the Court's order setting briefing schedule and format | 13,000 |
| 2 | Petitioner-Intervenors' Opening Brief(s) | 14 days from Petitioner Opening Brief | Not to exceed 9,100 in aggregate; to be divided as Intervenors see fit |
| 3 | FERC Answering Brief | 60 days from Petitioner Opening Brief | 13,000 |
| 4 | Respondent-Intervenors' Answering Brief(s) | 14 days from FERC Answering Brief | Not to exceed 9,100 in aggregate; to be divided as Intervenors see fit |
| 5 | Petitioner Reply Brief | 28 days from Respondent-Intervenor Brief(s) | 8,500 |
| 6 | Rule 30.2 Appendix | 7 days from Petitioner Reply | |

12. Given the existence of two petitions for review and four separately represented intervenors (two supporting Petitioner and two supporting Respondent), these cases present a risk of duplicative and voluminous briefing, if each party were

5

to file a separate full-length appellate brief. The agreed-upon proposed briefing format and schedule reflects the parties' efforts to streamline the briefing process and avoid duplicative or excessive briefing by reducing the aggregate length of briefs that might otherwise be filed.

13. The proposed word limits for Petitioner's and FERC's principal briefs conform to the default limits in Federal Rule of Appellate Procedure 32(a)(7). Susquehanna proposes a modest expansion of words for its reply brief, from the default limit of 6,500 words to 8,500 words, in recognition that its reply brief will need to respond to up to 22,100 words of responsive briefing (13,000 by Respondent and 9,100 by Respondent-Intervenors).

14. The parties also negotiated and agreed upon the proposed briefing intervals, which reflect slight modifications to the default time periods set forth in Federal Rule of Appellate Procedure 31(a) and Fifth Circuit Rule 31.2. Good cause exists for these extended briefing deadlines given the technical nature of this appeal, which involves a sizeable administrative record comprising three agency orders, a request for administrative rehearing, and several rounds of administrative pleadings concerning a complex regulatory subject matter. The 14-day period for intervenor briefs will facilitate coordination between separately represented parties and help reduce duplication of arguments. For its part, because the Commission has numerous cases before this and other Circuits at any given time, the requested 60-

day briefing interval for Respondent's brief would facilitate efficient coordination of the Commission's case load and lessen the possibility of the Commission needing to seek an extension after a briefing schedule has been established.

**15.**   Susquehanna proposes to file a copy of the portions of the record relied upon by the parties, as required under Fifth Circuit Rule 30.2(a), within 7 days after filing its reply brief.  Susquehanna respectfully submits that filing this appendix after submission of the reply brief will facilitate efficient inclusion, in the appendix, of all pertinent material cited in the briefs.

## III.   Conclusion

For the foregoing reasons, Petitioner Susquehanna requests that the Court consolidate cases 25-60019 and 25-60264 and enter an order approving the jointly proposed format and schedule for merits briefing in the consolidated cases.

| | |
|---|---|
| Date: May 19, 2025 | Respectfully submitted,<br><br>*/s/ Jeremy C. Marwell*<br>Jeremy C. Marwell<br>William S. Scherman<br>James T. Dawson<br>VINSON & ELKINS LLP<br>2200 Pennsylvania Avenue, NW<br>Suite 500 West<br>Washington, DC 20037<br>Phone: 202.639.6507<br>Email: jmarwell@velaw.com<br><br>*Counsel for Susquehanna Nuclear, LLC* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) and Fifth Circuit Rule 27.4 because it contains 1,208 words.

May 19, 2025                              */s/ Jeremy C. Marwell*

                                                Jeremy C. Marwell
                                                Vinson & Elkins LLP
                                                2200 Pennsylvania Avenue, NW
                                                Suite 500 West
                                                Washington, DC  20037
                                                Phone: 202.639.6507
                                                Email:  jmarwell@velaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

*/s/ Jeremy C. Marwell*
Jeremy C. Marwell
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC  20037-1701
Phone: 202.639.6507
Email: jmarwell@velaw.com